United States District Court
Southern District of Texas
**ENTERED**
February 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Anthony Cash, | § | |
|         Plaintiff, | § | |
| versus | § | Civil Action H-19-3326 |
| HSBC Bank USA, National Association, et al., | § | |
|         Defendants. | § | |

## Opinion on Dismissal

1.     *Background.*

On August 12, 2005, Anthony Cash bought a house in Harris County, Texas. To buy the house, he borrowed through two loans secured with liens on the property.

In 2011, Cash stopped paying the first loan. He says that he applied several times for a modification of the interest rate and monthly payment but was denied because "he did not have enough income." On May 1, 2012, the house was foreclosed and sold.

A few weeks later, Cash sued the defendants in this case for wrongful foreclosure, claiming that he did not receive a notice of default before the sale. On May 17, 2013, the parties settled.

Almost seven years later, Cash is suing the same defendants for breach and negligence, claiming that he does not understand the terms of the settlement. He is at least two years too late, and he had agreed to waive all claims related to the first loan.

Cash will take nothing from the defendants.

2. *Statute of Limitations.*

The statute of limitations for breach of contract is four years.[1] Cash says that the defendants breached the settlement because they did not give him "informed information," including how much he owed at the time he settled, what he owes now, and how his modified mortgage payment is calculated. Cash is complaining that the settlement is "ambiguous" and "confusing" almost seven years after signing it. For this claim to be viable, Cash should have sued the defendants by May 17, 2017. He did not, and his breach claim is time-barred.

Cash also says that the defendants mismanaged the escrow account. He has not pleaded facts to support a claim, but the statute of limitations for negligence is two years.[2] He says that the defendants caused the loss of his homestead exemption during foreclosure and increased his taxes. Because his taxes increased, Cash says that he had to pay more than had been indicated in the settlement. For this claim to be viable, Cash should have sued the defendants by May 17, 2015. He did not.

Cash's breach and negligence claims are time-barred.

3. *Waiver.*

Even if Cash's claims were not time-barred, he agreed in the settlement to waive all claims related to the first loan and lawsuit. His breach and negligence claims concern the foreclosure of his house, and no facts suggest that the settlement should be invalidated for fraud, duress, mistake, or undue influence. The settlement is clear about how much he owed at the time he settled, what he owes now, and how his modified mortgage payment is calculated; it also indicates that it modifies the first loan, not the second loan. Cash was represented by an attorney when he settled, and he signed "voluntarily and with full understanding of its contents and meaning."

The settlement is neither ambiguous nor confusing, and Cash has waived

---

[1] Tex. Civ. Prac. & Rem. Code Ann. § 16.051.

[2] Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

his current claims. If he had concerns about the settlement, he should have addressed them before signing or within the applicable limitations period.

4. *Conclusion.*

Anthony Cash will take nothing from HSB Bank USA, National Association, PHH Mortgage Corporation, and Ocwen Loan Servicing LLC.


Signed on February 9, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge